UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE STRICKLAND,

        Petitioner,        Case No. 1:13-cv-1281

v.        Honorable Paul L. Maloney

PAUL KLEE,

        Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Steve Strickland is incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility, where he is serving multiple sentences, the longest of which is a 15 to 40 year sentence issued in 1998 for first-degree criminal sexual conduct with a person under the age of 13, Mich. Comp. Laws § 750.520b(1)(a). In support of his petition for habeas corpus he asserts the following:

> Grounds: using habeas corpus to test the decision not to release from state custody on earliest release date due to the lack of program[m]ing in violation of the collateral doctrine at sentencing and findings order[.]
> . . .
>
> There is no other remed[y] available to test the Michigan Parole Board decision not to release due to lack of program[m]ing and the lower court order dated October 15, 2013 and November 4, 2013 denying state habeas corpus relief in which violates the collateral estop[p]el doctrine invoked at sentencing. . . .

(Pet., docket #1, Page ID##1, 3.)

Attached to the petition are two orders issued by the Lenawee County Circuit Court in October and November, 2013. (*See* docket #1-1, Page ID##6, 8.) Apparently, Petitioner filed a state petition for habeas corpus pursuant to Rule 3.303 of the Michigan Court Rules, asserting the same issue raised in his federal petition. (*See id.*) The state petition was denied. (*See id.* at Page ID#7.)

**Discussion**

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting

Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). Here, Petitioner has not stated facts pointing to a constitutional claim.

To the extent that Petitioner challenges the parole board's decision to deny him parole, he fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen,* 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown,* 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a more recent decision, the Sixth Circuit reiterated the continuing validity of *Sweeton. See Crump v. Lafler,* 657 F.3d 393, 404 (6th Cir. 2011). In *Crump,* the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.* In addition, the Sixth Circuit has rejected the argument that the Due Process Clause of the Fourteenth Amendment is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.,*

596 N.W.2d 598, 603–04 (Mich. 1999). As a consequence, until Petitioner has served his maximum sentence, he has no reasonable expectation of release on parole. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz,* 442 U.S. at 11. Thus, the Michigan Parole Board's decision implicated no federal right.

In addition, to the extent that Petitioner complains about a lack of rehabilitative programming, federal courts consistently have found that prisoners have no constitutionally-protected liberty interest in rehabilitation and educational programs. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). In the absence of a protected interest in either parole release or rehabilitative programs, Petitioner fails to raise a meritorious constitutional claim.

Finally, to the extent Petitioner claims that the parole board violated a state-law doctrine of collateral estoppel, he does not state a claim. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution; it does not lie for a violation of state law. *See* 28 U.S.C. § 2254(a).

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   December 17, 2013                             /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge