UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVE STRICKLAND,

        Petitioner,        Case No. 1:13-cv-1281

v.        Honorable Paul L. Maloney

PAUL KLEE,

        Respondent.

_____/

## ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision not to release him from custody. On December 17, 2013, the Court entered an opinion and judgment dismissing the petition. The Court also entered an order denying Petitioner a certificate of appealability.

Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court. The docketing fee for a case on appeal is $500.00. *See* 28 U.S.C. § 1913; Court of Appeals Miscellaneous Fee Schedule § 1 (Dec. 1, 2013). In addition, under 28 U.S.C. § 1917, a $5.00 filing fee must be paid to the district court. Petitioner has failed to pay the required fees.

Petitioner was permitted to proceed before this Court *in forma pauperis*. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, he may continue that status on appeal unless this court certifies that his appeal is not taken in good faith. Good faith is judged objectively, and an appeal is taken in good faith when it seeks review of an issue which is not frivolous.

*Coppedge v. United States*, 369 U.S. 438, 445 (1961). Detailed reasons for dismissal of the petition were provided in the Court's opinion dismissing the petition (docket #5).

The Court reaffirms its decision and finds that the issues on which Petitioner might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $505.00 appellate fee to the Clerk of this Court within 28 days of this order. *See* 28 U.S.C. §§ 1913, 1917; Court of Appeals Miscellaneous Fee Schedule § 1 (Dec. 1, 2011). Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

The Court also must decide whether to grant a certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not conclude that this court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner is DENIED leave to proceed *in forma pauperis* on appeal. The Court certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $505.00 appellate fee to the Clerk of this Court within 28 days of this order. *See* 28 U.S.C. §§ 1913, 1917; Court of Appeals Miscellaneous Fee Schedule § 1 (Dec. 1, 2013). Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

Dated:  February 12, 2014   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge